Harold E. Koreman, J.
This controversy arises out of the purported nominations by the Liberal party of two candidates *235 for the office of Supreme Court Justice in the Third Judicial District.
Objections were filed with the Secretary of State by the petitioner, John T. Casey, as the duly nominated candidate of the Republican and Conservative parties, to the certificate of nomination made by the Third Judicial District convention of the Liberal party purporting to designate Abraham Streifer and Milton Levine as candidates for Justice of the Supreme Court. Prior to the hearing and determination of respondent, Secretary of State, on the objections filed, petitioner, John T. Casey, commenced his proceeding to invalidate the nominations made by the Liberal party on the ground that such nominations were a nullity since the convention was illegally constituted. Petitioner, Casey, brought the proceeding in anticipation of a possible adverse ruling by the Secretary of State in order to bring himself within the time limitation prescribed in subdivision 2 of section 330 of the Election Law.
Respondent, Secretary of State, determined that a majority of the delegates entitled to be elected were needed and a quorum of that majority would constitute a valid convention. The objections were sustained since less than a majority of the delegates to which the party was entitled were elected.
One day later, on September 18, 1968, an answer was filed by respondents, Streifer and Levine, in the Casey proceeding which contains matter designated as an affirmative defense and counterclaim. On the return day of the proceeding, petitioner Casey, moved to withdraw his application directed against respondent, Secretary of State, who consented to its withdrawal. Respondents, Streifer and Levine, object to any withdrawal and assert that they are entitled to the affirmative relief sought in their answer. These respondents have also instituted another proceeding by order to show cause dated September 23, 1968, and made returnable by the Justice issuing it at the same time and place as the proceeding instituted by Casey. In that proceeding the same relief is sought as in the matter contained in the answer and designated ‘1 An affirmative defense and Counterclaim ’ ’, namely an order of this court annulling the determination of the Secretary of State invalidating the nominations.
Petitioner Casey’s motion to withdraw his proceeding is granted. (Matter of Lutkitz v. Power, 24 A D 2d 709.) Although respondents, Streifer and Levine, contend that their assertion of an “ affirmative defense and counterclaim ” precludes a withdrawal by the petitioner, the matter set forth in the answer is not in fact an “affirmative defense ” or “counterclaim”. While it seeks affirmative relief the proper procedure for obtain *236 ing such relief is set forth in section 335 of the Election Law. (See Matter of Tuomey, N. Y. L. J., Aug. 9, 1946, p. 241, col. 7, mod. 271 App. Div. 752, affd. 296 N. Y. 628.) The manner in which the relief is sought may, in some cases, be considered substantial compliance with the statute (e.g., see Matter of Ambro v. Coveney, 20 N Y 2d 850); however, it must be noted that here the answer was not served until after the time within which to commence the proceeding under the Election Law had expired. (§ 330, subd. 2.) If permitted, “ such a practice would also, in effect, undermine and extend the time limitations imposed by the Election Law — limitations essential to ensure that the statute serve the purpose for which it was intended ”. (Matter of Lutkitz v. Power, supra, p. 710.) Since the court would not have jurisdiction of a proceeding commenced after the statutory limitation of 10 days it would not have the power to grant the same relief demanded in a responsive pleading served after the expiration of such period. (See 2 Gassman, Election Law [2d ed.], § 119 and cases cited therein.)
As to the proceeding commenced by Streifer and Levine as petitioners, the order to show cause therein was not signed until September 23,1968. Respondents move to dismiss that proceeding on the ground the court has no jurisdiction since it was not commenced within the time provided in subdivision 2 of section 330 of the Election Law. The petitioners in that proceeding contend that the applicable time limitation is contained in subdivision 1 of section 330. The language of that section makes clear that subdivision 2 specifically applies to this proceeding, and therefore it was not timely instituted.
The conclusions reached here would render any discussion of the merits of the proceedings unnecessary. However, in view of the urgencies of the election process at this stage, a determination of all of the issues in this controversy should be made so that they may be reviewed in the event of appeal.
It is not disputed that the Liberal party was entitled to elect 29 delegates in the Third Judicial District, and that only 13 were elected of which 7 attended and voted at the convention. Article VII of the rules of the Liberal party as well as subdivision 2 of section 132 of the Election Law, providing for the manner in which a Judicial District convention shall be constituted, obviously were not complied with. In my opinion, therefore, the case of Matter of Johnson v. Lomenzo (28 A D 2d 965 [3d Dept.], affd. 20 N Y 2d 783) is the controlling authority here, as the respondent Secretary of State properly determined. Therefore, the Liberal party judicial convention was not legally constituted and the purported nominations were null and void.
*237 This court is fully cognizant of the fact that the result arrived at deprives the Liberal party of any candidate for judicial office in the Third Judicial District. While this result is regrettable, I feel it is mandated by my interpretation of the holding in Matter of Johnson v. Lomenzo (supra).